No. 15,333.

ANKENMAN *v.* NEEDLE ROCK DITCH COMPANY ET AL.
(150 P. [2d] 67)

Decided June 26, 1944.

Messrs. STEWART & BROWN, for plaintiff in error.

Messrs. FAIRLAMB & FAIRLAMB, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THIS is the second time this case has been before the Supreme Court for review. Our former opinion is reported in 108 Colo. 443, 120 P. (2d) 187. The issues, and physical situation under which they arose, are set forth therein in detail and no purpose would be served

by a repetition here. After our reversal of the judgment, the district court, to conform with the law as set forth in that opinion, without further hearing, but solely on the record theretofore made, entered a new decree. Plaintiff in error, herein designated as Ankenman, seeks a reversal.

In reversing the former judgment, we held that the evidence did not support the awarding of a priority to Ankenman for water of the natural flow of Cottonwood Creek senior to that of other users of water from the Needle Rock Ditch which used Cottonwood Creek as a carrier for water diverted from Smith's Fork of the Gunnison. We pointed out that the evidence before the court showed that the natural stream flow had been used and divided between the stockholders in the Needle Rock Ditch Company, who were the users of water carried by the Needle Rock Ditch, in the same proportion as their shares of stock entitled them to water diverted through the ditch across a divide from the south fork of the Gunnison River. The evidence discloses that there was no diversion and application to a beneficial use of the natural flow of Cottonwood Creek prior to the diversion of water from Smith's Fork upon which any of Ankenman's predecessors in title to the land could rely as entitling them to a priority over other users of water from the ditch. The natural flow of Cottonwood Creek, augmented by such seepage as increased irrigation created, is shown by the record to have been distributed by the proportional dividers to the stockholders of the Needle Rock Ditch Company without controversy for many years on a basis proportional to the division of the water diverted from Smith's Fork. The decree of the court provides for a continuing division on this basis. The evidence supports the district court's decree and it is consistent with our decision in the former case.

Judgment affirmed.

MR. JUSTICE KNOUS not participating.